# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1 | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>20 North Avenue, Sanford, ME 04073 |
| Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill | Mortgage:<br>August 24, 2006<br>Book 14945, Page 372 |
| Defendants | |
| Internal Revenue Service and<br>Maine Revenue Services | |
| Parties-In-Interest | |

NOW COMES the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00)

dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, in which the Defendant, Kristen L. Gauthier, is the obligor and the total amount owed under the terms of the Note is One Hundred Thirty-Five Thousand Nine Hundred Fifty-Eight and 85/100 ($135,958.85) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1 is a corporation with its principal place of business located at 425 Walnut St., Cincinnati, OH 45202.

5. The Defendant, Kristen L. Gauthier, is a resident of Sanford, County of York and State of Maine.

6. The Defendant, Christopher Hill a/k/a Christopher L. Hill, is a resident of Sanford, County of York and State of Maine.

7. The Party-in-Interest, Internal Revenue Service, is located at c/o Office of the U.S. Attorney General, 100 Middle Street, East Tower, 6th Floor, Portland, ME 04101

8. The Party-in-Interest, Maine Revenue Services, is located at c/o Attorney General, 111 Sewell Street, 6th Floor, Augusta, ME 04333,

## FACTS

9. On August 24, 2006, by virtue of a Warranty Deed from Michael J. Roberts and Shannon L. Roberts, which is recorded in the York County Registry of Deeds in **Book 14945, Page 370**, the property situated at 20 North Avenue, County of York, and State of Maine, was conveyed to the Defendants, Kristen L. Gauthier and Christopher L. Hill, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On August 24, 2006, the Defendant, Kristen L. Gauthier, executed and delivered to Residential Mortgage Services, Inc. a certain Note in the amount of $112,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on August 24, 2006, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Residential Mortgage Services, Inc., securing the property located at 20 North Avenue, Sanford, ME 04073 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14945**, **Page 372**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to U.S. Bank National Association, as Trustee, as successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee Ramp 2007-RS1 by virtue of an Assignment of Mortgage dated October 29, 2012 and recorded in the York County Registry of Deeds in **Book 16450**, **Page 418**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was further assigned to Residential Mortgage Services, Inc. by virtue of a Quitclaim Assignment dated December 1, 2015 and recorded in the York County Registry of Deeds in **Book 17166**, **Page 84**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. On May 26, 2017, the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $126,982.40 (herein after referred to as the "Loan Modification"). *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

15. On April 8, 2019, the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the

Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

17. The Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, hereby certifies that all steps mandated

by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

21. Internal Revenue Service is a Party-in-Interest pursuant to a Notice of Federal Tax Lien in the amount of $119,110.80, dated February 18, 2011, and recorded in the York County Registry of Deeds in **Book 16056**, **Page 306** and is in second position behind Plaintiff's Mortgage.

22. Internal Revenue Service is a Party-in-Interest pursuant to a Notice of Federal Tax Lien in the amount of $9,272.00, dated May 16, 2013, and recorded in the York County Registry of Deeds in **Book 16608**, **Page 759** and is in third position behind Plaintiff's Mortgage.

23. Internal Revenue Service is a Party-in-Interest pursuant to a Notice of Federal Tax Lien in the amount of $7,311.66, dated July 24, 2013, and recorded in the York County Registry of Deeds in **Book 16665**, **Page 675** and is in fourth position behind Plaintiff's Mortgage.

24. Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Tax Lien in the amount of $4,860.75, dated August 18, 2013, and recorded in the York County Registry of Deeds in **Book 16678**, **Page 700** and is in fifth position behind Plaintiff's Mortgage.

25. Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Tax Lien in the amount of $1,768.94, dated September 14, 2017, and recorded in the York County Registry of Deeds in **Book 17564**, **Page 545** and is in sixth position behind Plaintiff's Mortgage.

26. The total debt owed under the Note and Mortgage as of June 30, 2019 is One Hundred Thirty-Five Thousand Nine Hundred Fifty-Eight and 85/100 ($135,958.85) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $122,775.32 |
| Interest | $5,619.26 |
| Late Fees | $148.12 |
| Escrow Advance | $4,899.15 |
| Recoverable Balance | $1,167.00 |
| Attorney Fees | $600.00 |
| Attorney Costs | $750.00 |
| Grand Total | $135,958.85 |

27. Upon information and belief, the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

28. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for foreclosure respecting a real estate related Mortgage and title located at 20 North Avenue, Sanford, County of York, and State of Maine. *See* Exhibit A.

30. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, is the holder of the Note referenced in

Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, has the right to foreclosure upon the subject property.

31. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, is the current owner and investor of the aforesaid Mortgage and Note.

32. The Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, are presently in default on said Mortgage and Note, having failed to make the monthly payment due May 1, 2018, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

33. The total debt owed under the Note and Mortgage as of June 30, 2019 is One Hundred Thirty-Five Thousand Nine Hundred Fifty-Eight and 85/100 ($135,958.85) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $122,775.32 |
| Interest | $5,619.26 |
| Late Fees | $148.12 |
| Escrow Advance | $4,899.15 |
| Recoverable Balance | $1,167.00 |
| Attorney Fees | $600.00 |
| Attorney Costs | $750.00 |
| Grand Total | $135,958.85 |

34. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

35. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

36. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, on April 8, 2019, evidenced by the Certificate of Mailing. *See* Exhibit G.

37. The Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, are not in the Military as evidenced by the attached Exhibit H.

## COUNT II – BREACH OF NOTE

38. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. On August 24, 2006, the Defendant, Kristen L. Gauthier, executed and delivered to Residential Mortgage Services, Inc. a certain Note in the amount of $112,000.00. *See* Exhibit B.

40. The Defendant, Kristen L. Gauthier, is in default for failure to properly tender the May 1, 2018 payment and all subsequent payments. *See* Exhibit G.

41. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Kristen L. Gauthier.

42. The Defendant, Kristen L. Gauthier, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

43. The Defendant's, Kristen L. Gauthier, breach is knowing, willful, and continuing.

44. The Defendant's, Kristen L. Gauthier, breach has caused Plaintiff U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1 to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

45. The total debt owed under the Note and Mortgage as of June 30, 2019, if no payments are made, is One Hundred Thirty-Five Thousand Nine Hundred Fifty-Eight and 85/100 ($135,958.85) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $122,775.32 |
| Interest | $5,619.26 |
| Late Fees | $148.12 |
| Escrow Advance | $4,899.15 |
| Recoverable Balance | $1,167.00 |
| Attorney Fees | $600.00 |
| Attorney Costs | $750.00 |
| Grand Total | $135,958.85 |

46. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

47. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. By executing, under seal, and delivering the Note, the Defendant, Kristen L. Gauthier, entered into a written contract with Residential Mortgage Services, Inc. who agreed to loan the amount of $112,000.00 to the Defendants. *See* Exhibit B.

49. As part of this contract and transaction, the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

50. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-

Backed Pass-Through Certificates, Series 2007-RS1, is the proper holder of the Note and successor-in-interest to Residential Mortgage Services, Inc., and has performed its obligations under the Note and Mortgage.

51. The Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, breached the terms of the Note and Mortgage by failing to properly tender the May 1, 2018 payment and all subsequent payments. *See* Exhibit G.

52. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Kristen L. Gauthier.

53. The Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

54. The Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, are indebted to U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1 in the sum of One Hundred Thirty-Five Thousand Nine Hundred Fifty-Eight and 85/100 ($135,958.85) Dollars, for money lent by the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, to the Defendants.

55. Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill's breach is knowing, willful, and continuing.

56. Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill's breach has caused Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

57. The total debt owed under the Note and Mortgage as of June 30, 2019, if no payments are made, is One Hundred Thirty-Five Thousand Nine Hundred Fifty-Eight and 85/100 ($135,958.85) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $122,775.32 |
| Interest | $5,619.26 |
| Late Fees | $148.12 |
| Escrow Advance | $4,899.15 |
| Recoverable Balance | $1,167.00 |
| Attorney Fees | $600.00 |
| Attorney Costs | $750.00 |
| Grand Total | $135,958.85 |

58. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

59. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National

Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. Residential Mortgage Services, Inc., predecessor-in-interest to U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, loaned Defendant, Kristen L. Gauthier, $112,000.00. *See* Exhibit B.

61. The Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, are in default for failure to properly tender the May 1, 2018 payment and all subsequent payments. *See* Exhibit G.

62. As a result of the Defendants' Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1.

63. As such, the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

64. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, repeats and re-alleges paragraphs 1 through 63 as if fully set forth herein.

65. Residential Mortgage Services, Inc., predecessor-in-interest to U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, loaned the Defendant, Kristen L. Gauthier, $112,000.00. *See* Exhibit B.

66. The Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, have failed to repay the loan obligation.

67. As a result, the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1 as successor-in-interest to Residential Mortgage Services, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

68. As such, the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank

National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, upon the expiration of the period of redemption;

c) Find that the Defendant, Kristen L. Gauthier, is in breach of the Note by failing to make payment due as of May 1, 2018, and all subsequent payments;

d) Find that the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, are in breach of the Mortgage by failing to make payment due as of May 1, 2018, and all subsequent payments;

e) Find that the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, are in breach of contract by failing to comply with the terms and conditions of the

Note and Mortgage by failing to make the payment due May 1, 2018 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, to restitution;

j) Find that the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, are liable to the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, for money had and received;

k) Find that the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, are liable to the Plaintiff for quantum meruit;

l)  Find that the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n)  Find that the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, is entitled to restitution for this benefit from the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill;

o)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p)  Additionally, issue a money judgment against the Defendants, Kristen L. Gauthier and Christopher Hill a/k/a Christopher L. Hill, and in favor of the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, in the amount of One Hundred Thirty-Five Thousand Nine Hundred Fifty-Eight and 85/100 ($135,958.85) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q)  For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1,
By its attorneys,

Dated: June 11, 2019

/s/ Reneau J. Longoria, Esq.
/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com