# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1 | CIVIL ACTION NO: 2:19-cv-00264-JDL |
| **Plaintiff** | **JUDGMENT OF FORECLOSURE AND SALE** |
| vs. | RE:<br>20 North Avenue, Sanford, ME 04073 |
| Christopher Hill a/k/a Christopher L. Hill and Kristen L. Gauthier | Mortgage:<br>August 24, 2006<br>Book 14945, Page 372 |
| **Defendants** | |
| Internal Revenue Service<br>Maine Revenue Services | |
| **Party-In-Interest** | |

This matter came before the Court for a testimonial hearing on Plaintiff's Motion for Default Judgment on July 19, 2022. Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1, was present and represented by Reneau J. Longoria, Esq. Defendants, Christopher Hill a/k/a Christopher L. Hill and Kristen L. Gauthier n/k/a Kristen L. Hill, were present and consented to the entry of this Judgment of Foreclosure and Sale; Party-In-Interest, Internal Revenue Service did not appear, and Party-In-Interest, Maine Revenue Services did not appear.

All persons interested having been duly notified in accordance with the law, and after

hearing, the Plaintiff's Motion for Default Judgment is **GRANTED**. Count II - Breach of Note, Count III - Breach of Contract, Money Had and Received, Count IV - Quantum Meruit, and Count V - Unjust Enrichment are hereby **DISMISSED** without prejudice at the request of the Plaintiff. **JUDGMENT** on Count I – Foreclosure and Sale is hereby **ENTERED** as follows:

1. If the Defendants or their heirs or assigns pay U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1 ("U.S. Bank") the amount adjudged due and owing ($173,255.62) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, U.S. Bank shall forthwith discharge the Mortgage and file a dismissal of this action on the ECF Docket. The following is a breakdown of the amount due and owing:

    | Description | Amount |
    | --- | --- |
    | Principal Balance | $122,775.32 |
    | Escrow Advance | $23,184.34 |
    | Accrued Interest | $18,571.90 |
    | Advance Balance | $1,218.95 |
    | Late Charges | $148.12 |
    | FC Fees | $6,470.00 |
    | FC Costs | $884.70 |
    | Interest on Advance | $2.29 |
    | Grand Total | $173,255.62 |

2. If the Defendants or their heirs or assigns do not pay U.S. Bank the amount adjudged due and owing ($173,255.62) within 90 days of the judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, their remaining rights to possession of the Sanford Property shall terminate, and U.S. Bank shall conduct a public sale of the Sanford Property in accordance with 14 M.R.S.A. § 6323, disbursing the proceeds first to itself in the amount of $173,255.62 after deducting the expenses of the sale, with any

surplus to be disbursed pursuant to Paragraph 6 of this Judgment, and in accordance with 14 M.R.S.A. § 6324. U.S. Bank may not seek a deficiency judgment against the Defendants pursuant to the Plaintiff's waiver of deficiency.

3. In the event that the Defendant, and anyone occupying the premises, do not vacate the property upon termination of his/her right to possession on or before November 19, 2022, U.S. Bank may reopen this matter to seek a Writ of Assistance and/or Writ of Possession to be served by the U.S. Marshals Service pursuant to Federal Rule of Civil Procedure 4.1(a) consistent with this Judgment.

4. Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

5   The amount due and owing is $173,255.62.

6   The priority of interests is as follows:

> ● U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1 has first priority, in the amount of $173,255.62, pursuant to the subject Note and Mortgage.
>
> ● Internal Revenue Service has the first priority behind the Plaintiff pursuant to a Federal Tax Lien, dated February 18, 2011, in the amount of $119,110.80, and recorded in the York County Registry of Deeds in Book 16056, Page 306.
>
> ● Internal Revenue Service has the second priority behind the Plaintiff pursuant to a Federal Tax Lien, dated May 16, 2013, in the amount of $9,272.00, and recorded in the York County Registry of Deeds in Book 16608, Page 759.

- ● Internal Revenue Service has the third priority behind the Plaintiff pursuant to a Federal Tax Lien, dated July 24, 2013, in the amount of $7,311.66, and recorded in the York County Registry of Deeds in Book 16665, Page 675.

- ● Maine Revenue Services has the fourth priority behind the Plaintiff pursuant to a State Tax Lien, dated September 14, 2017, in the amount of $1,768.94, and recorded in the York County Registry of Deeds in Book 17564, Page 545.

- ● Christopher Hill a/k/a Christopher L. Hill and Kristen L. Gauthier n/k/a Kristen L. Hill have the fifth priority behind the Plaintiff.

7. The prejudgment interest rate is 4.75000%, *see* 14 M.R.S.A. § 1602-B, and the post-judgment interest rate is .15%, *see* 28 U.S.C. § 1961.

8. The following information is included in this Judgment pursuant to 14 M.R.S.A. § 2401(3):

|  | PARTIES | COUNSEL |
|---|---|---|
| PLAINTIFF | U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1<br>425 Walnut St.<br>Cincinnati, OH 45202 | Reneau J. Longoria, Esq.<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center, Suite 303C<br>Beverly, MA 01915 |
| DEFENDANT | Kristen L. Gauthier n/k/a Kristen L. Hill<br>20 North Avenue<br>Sanford, ME 04073 | Pro Se |

|  |  |
|---|---|
| Christopher Hill a/k/a<br>Christopher L. Hill<br>20 North Avenue<br>Sanford, ME 04073 | Pro Se |

PARTIES-IN-INTEREST

|  |  |
|---|---|
| Internal Revenue Service<br>c/o Office of the U.S. Attorney General, 100 Middle Street, East Tower, 6th Floor<br>Portland, ME 04101 | John G. Osborn, Esq.<br>c/o Office of the U.S. Attorney General, 100 Middle Street, East Tower, 6th Floor<br>Portland, ME 04101 |
| Maine Revenue Services<br>c/o Office of the Attorney General,<br>6 State House Station<br>Augusta, ME 04333 | Lawrence S. Delaney, Esq.<br>c/o Office of the Attorney General,<br>6 State House Station<br>Augusta, ME 04333 |

a) The docket number of this case is No. 2:19-cv-00264-JDL.

b) All parties to these proceedings received notice of the proceedings in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

c) A description of the real estate involved, 20 North Avenue, Sanford, ME 04073, is set forth in Exhibit A to the Judgment herein.

d) The street address of the real estate involved is 20 North Avenue, Sanford, ME 04073. The Mortgage was executed by the Defendants, Kristen L. Gauthier n/k/a Kristen L. Hill and Christopher Hill a/k/a Christopher L. Hill on August 24, 2006. The book and page number of the Mortgage in the York County Registry of Deeds is Book 14945, Page 372.

e) This judgment shall not create any personal liability on the part of the Defendants but shall act solely as an *in rem* judgment against the property, 20 North Avenue, Sanford, ME 04073.

**SO ORDERED.**

**Dated: July 20, 2022**

/s/ Jon D. Levy
**CHIEF U.S. DISTRICT JUDGE**